IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LOUIS DICKERSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, MERYL ) | |
| DREANO and NATHAN L. HORTON, ) | **Jury Trial Demanded** |
| ) | |
|     Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Louis Dickerson (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

6. Defendant Meryl Dreano (hereinafter "Defendant Dreano") is a natural person who is an employee and/or agent of Defendant Portfolio Recovery, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her home address of 809 Archway Court, Apt. # 104, Virginia Beach, VA 23455-6246.

7. Defendant Nathan L. Horton (hereinafter "Defendant Horton") is a natural person, an employee of Defendant Portfolio Recovery's litigation department, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his home address of 2310 Elliot Avenue, Apt. 805, Nashville, TN 37204-2139.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt allegedly originally owed to or serviced by GE Capital Retail Bank/JC Penney (hereinafter "GE Capital").

9. After default, Plaintiff's alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant Portfolio Recovery is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. Defendant Dreano as an employee and/or agent of Defendant Portfolio Recovery is personally involved in the debt collection from Plaintiff by signing a sworn affidavit in support of a collection lawsuit filed on behalf of Defendant Portfolio Recovery, and may be held personally liable as a debt collector as she regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant Horton regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another by allegedly preparing, reviewing and/or prosecuting collection lawsuits against consumers in state court in Tennessee.

13. When purchasing charged-off consumer debts, Defendant Portfolio Recovery makes an intentional business decision not to obtain competent evidence that would allow them: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed, prior to collection of the debt.

14. Defendant Portfolio Recovery's main avenue of collecting consumer debts is the use of a state court litigation model that includes employment of debt collection attorneys, such as Defendant Horton, to file collection lawsuits, and the use of Defendant Portfolio's employees and/or agents to sign the affidavits filed in support of the lawsuits.

15. The only evidence provided to debt collection attorneys such as Defendant Horton prior to the filing and serving of the collection lawsuits are affidavits which are signed by the agents of Defendant Portfolio Recovery without personal knowledge (a) that a contract on which the Defendants allegedly relied to file the collection lawsuit actually exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) that the amount Plaintiff allegedly owes is correct, or (d) if the documents transferring the alleged debt to Defendant Portfolio Recovery actually exist.

16. Each affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2), and is not a formal pleading made in connection with a legal action.

17. Affidavits signed by employees and/or agents of Defendant Portfolio Recovery, under penalty of perjury, allege amounts owed based solely on hearsay in the form of electronic data transferred from the original creditor or it's assignee, not from personal knowledge.

18. Defendant Horton did not request any evidence beyond the sworn affidavit prior to filing the collection lawsuit against Plaintiff, and filed it knowing that neither he nor the other Defendants possessed competent evidence (a) that a contract on which the Defendants allegedly relied to file the collection lawsuit actually exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) that the amount Plaintiff allegedly owes is correct, or (d) if the documents transferring the alleged debt to Defendant Portfolio Recovery actually exist, and did not intend to obtain it, if challenged.

19. Despite the "business records" exception to the hearsay rule being clearly defined in Tennessee for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the alleged debts under this hearsay exception in the context of a debt buyer case.[1]

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, LVNV Funding, LLC v. Mastaw*, 2012 WL 1534785, at *5 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Id., citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at *7, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at *8, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co.*, 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

20. The litigation model used by Defendants to collect debts from Tennessee consumers is to file and serve collection lawsuits on the consumers: (1) after making intentional business decisions that, if challenged, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file and serve the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using sworn affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of (a) whether a contract on which the Defendants allegedly relied to file and serve the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents allegedly transferring the alleged debt to Defendant Portfolio Recovery's ownership actually exist, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the sworn affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

21. Defendants followed their litigation model while attempting to collect the alleged debt from Plaintiff.

22. In a large majority of the cases, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant Horton obtain a default judgment and the sufficiency of the debt buyer's sworn affidavits are never challenged.

23. In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant Horton will dismiss the case rather than risk having their systemic fraud on the court exposed.

*May 21, 2012 Collection Lawsuit*

24. On or about May 21, 2012, Defendants filed a Civil Summons and sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). ***Copy of May 21, 2012 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").***

25. The Civil Summons and sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

*Use of Civil Summons That Contained False, Deceptive and*
*Misleading Statements in Connection With Collection of the Alleged Debt*

26. The Civil Summons stated that Defendants Portfolio Recovery and Horton were seeking to collect: "**for suit on sworn account of [Plaintiff's] delinquent account in the amount of $5,917.60, plus prejudgment interest from time of assignment, court cost and post judgment interest**." *See Doc. 1-1, p. 1.* (underline and bold added)

27. In the sworn Affidavit dated April 18, 2012, Defendant Dreano swore under oath that:

    (a) She was "authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of [Defendant Portfolio Recovery] and those account records transferred to [Defendant Portfolio Recovery] from [GE Capital], which have become a part of and have integrated into [Defendant Portfolio Recovery's] business records, in the ordinary course of business". ***Doc. 1-1, p. 2, ¶ 2.***

(b) "[A]ccording to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by [Defendant Portfolio Recovery], all of [GE Capital's] interest in such account having been sold, assigned and transferred by [GE Capital] on October 28, 2011." ***Doc. 1-1, p. 2, ¶ 3.***

(c) "According to the records transferred to [Defendant Portfolio Recovery] from [GE Capital], and maintained in the ordinary course of business by [Defendant Portfolio Recovery], there was due and payable from [Plaintiff] to [GE Capital] the sum of $5,917.60 . . . as of December 21, 2010 with there being no known un-credited payments, counterclaims or setoffs against the said debt as of the date of the sale." ***See Doc. 1-1, p. 2, ¶ 4.***

(d) "[T]he records of [Defendant Portfolio Recovery], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, [Defendant Portfolio Recovery] claims the sum of $5,917.60 as due and owing as of the date of this affidavit [April 18, 2012]." ***Doc. 1-1, p. 2, ¶ 5.***

28. The sworn Affidavit signed by Defendant Dreano under oath fails to state that any interest is continuing to accrue or is owed on the alleged debt from October 28, 2011 (the alleged date of assignment to Defendant Portfolio Recovery). ***See Doc. 1-1, p. 2.***

29. The sworn Affidavit signed by Defendant Dreano states that the only amount owed on that date [April 18, 2012] is $5,917.60. ***See Doc. 1-1, p. 2, ¶ 4.***

30. By following the litigation model requirement that Defendants do not attempt to obtain any competent evidence prior to filing a collection lawsuit that could be used to show in a court of law: (1) that Plaintiff had entered into a contract on which the Defendants

allegedly relied to file and serve the collection lawsuit, or (2) how the amount claimed as owed was calculated, Defendants made conflicting and confusing statements as to the amount owed in the Civil Summons and Sworn Affidavit, resulting in one or more of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

31. In conformance with the Defendants' litigation model, prior to filing and serving the Civil Summons and sworn Affidavit, Defendants Portfolio Recovery and Horton did not review records of the originator of the debt to determine if the contract on which Defendants allegedly relied to file and serve the collection lawsuit even exists and, if it does exist, whether the amount Plaintiff allegedly owes is correctly calculated.

32. Without records of the debt originator available for review prior to filing and serving the collection lawsuit, and without being able to correctly calculate the amount allegedly owed by Plaintiff based on the contract terms on which the Defendants allegedly relied to file the collection lawsuit, Defendants Portfolio Recovery and Horton used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by

law, which resulted in Defendants Portfolio Recovery and Horton falsely representing the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1), which is the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

33. By failing to acquire or review the contract on which the Defendants allegedly relied to file the collection lawsuit against and serve on Plaintiff resulted in the Defendants stating in the Civil Warrant and sworn Affidavit different amounts to which Defendant Portfolio Recovery was entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to take any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

34. By filing and serving the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on GE Capital or an assignee of GE Capital as to the amount of debt

allegedly owed by Plaintiff or whether Plaintiff owes the debt at all, without personal knowledge of (a) whether a contract on which the Defendants allegedly relied to file the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents allegedly transferring the alleged debt to Defendant Portfolio Recovery's ownership actually exist, Defendants Portfolio Recovery and Horton communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

35. The collection lawsuit filed against and served on Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants possessed about the amount and ownership of the alleged debt.

36. Without the contract on which the Defendants allegedly relied to file and serve the collection lawsuit and to demand the amounts owed, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

37. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. **See, Tenn. Code Ann. § 24-5-107(a).**

38. Prior to signing the sworn Affidavit, Defendant Dreano did not review records of the originator of the debt to determine (a) whether a contract on which the Defendants

allegedly relied to file and serve the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents allegedly transferring the alleged debt to Defendant Portfolio Recovery actually exist, because Defendants Portfolio Recovery and Horton followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Dreano to do so.

39. Without records of the debt originator available for Defendant Dreano to review prior to signing the sworn Affidavit, and without Defendant Dreano being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Dreano to have the personal knowledge required to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff.

40. By affirming in the sworn Affidavit that (a) she is competent to testify to the matters contained herein, (b) she is authorized to make the statements, representations and averments herein, and does so based upon a review of the business records of Defendant Portfolio Recovery and those account records transferred to Defendant Portfolio Recovery from GE Capital, which have become a part of and have integrated into Defendant Portfolio Recovery's business records, in the ordinary course of business, (c) according to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by Defendant Portfolio Recovery, (d) according to the records transferred to Defendant Portfolio Recovery from GE Capital, and maintained in the ordinary course of business by Defendant

11

Portfolio Recovery, there was due and payable from Plaintiff to GE Capital the sum of $5,917.60 as of October 28, 2011 with there being no known un-credited payments, counterclaims or setoffs against the said debt as of the date of the sale, and (e) the records of Defendant Portfolio Recovery, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Defendant Portfolio Recovery claims the sum of $5,917.60 as due and owing as of April 18, 2012, Defendant Dreano falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

41. Form affidavits, such as the one filed and served in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Portfolio Recovery or its agents upon request and routinely provided to Defendant Dreano and other agents of Defendant Portfolio Recovery who engage in robo-signing hundreds, if not thousands, of

affidavits each day without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law.

42. The form affidavits are attached to and filed with the civil summons by debt collection attorneys such as Defendant Horton, which is then served on the consumer.

43. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

44. Defendant Portfolio Recovery and Defendant Horton intentionally use the form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in possession of Defendant Portfolio Recovery and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the alleged debt.

45. In adhering to their litigation model, Defendant Portfolio Recovery and Defendant Horton filed and served the collection lawsuit against Plaintiff in connection with collection of the debt and in an attempt to collect the debt knowingly using Defendant Dreano's sworn Affidavit that contained knowingly false, deceptive, and misleading statements, as the only evidentiary basis to support their claims.

46. Defendant Dreano's demands in the sworn Affidavit for amounts owed, without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, falsely represented the

character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

47. By filing the collection lawsuit against Plaintiff with the employment of their litigation model, (a) Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and (b) used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio Recovery and Defendant Horton had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

48. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing and serving the sworn Affidavit that contained the knowingly false, deceptive, and misleading statements, including the amount owed of $5,917.60, Defendant Portfolio Recovery and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### Failure To Include § 1692e(11) Language in Subsequent Communications – Additional Documents

49. The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

50. Each of the additional documents filed and served with the Civil Warrant and Sworn Affidavit (collectively "Additional Documents") is a "communication" as defined by 15 U.S.C. § 1692a(2). *Copy of attachments to May 21, 2012 collection lawsuit filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").*

51. Each of the Additional Documents is not a formal pleading made in connection with a legal action.

52. Each of the Additional Documents is a subsequent communication by Defendant Portfolio Recovery that was made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, and Defendant Portfolio Recovery failed to disclose in the Additional Documents that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### Summary

53. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### Respondeat Superior Liability

54. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Dreano and Horton as agents for Defendant Portfolio Recovery and who communicated with Plaintiff as further described herein, were committed within the time

and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

55. The acts and omissions by Defendants Dreano and Horton were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

56. By committing these acts and omissions against Plaintiff, Defendants Dreano and Horton were motivated to benefit their principal, Defendant Portfolio Recovery.

57. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

59. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

61. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

12/05/12                                Respectfully submitted,

                                        **LOUIS DICKERSON**


                                        /s/      Alan C. Lee
                                        Alan C. Lee, Esq., BPR # 012700
                                        Attorney for Plaintiff
                                        P. O. Box 1357
                                        Talbott, TN 37877-1357
                                        (423) 581-0924
                                        info@alanlee.com