IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LOUIS DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:12-CV-467 |
| ) | **District Judge Mattice** |
| PORTFOLIO RECOVERY ) | **Magistrate Judge Carter** |
| ASSOCIATES, LLC, MERYL ) | |
| DREANO and NATHAN L. HORTON, ) | **Jury Trial Demanded** |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Louis Dickerson (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Meryl Dreano (hereinafter "Defendant Dreano") is a natural person who is an employee and/or agent of Defendant Portfolio Recovery, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Nathan L. Horton (hereinafter "Defendant Horton") is a natural person, an employee of Defendant Portfolio Recovery's litigation department, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt allegedly originally owed to or serviced by GE Capital Retail Bank/JC Penney (hereinafter "GE Capital").

9. After default, Defendant Portfolio Recovery purchased the debt for purposes of collection from Plaintiff.

10. Defendant Portfolio Recovery is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. Defendant Portfolio Recovery pays less than four (4) cents on the dollar for the debts it purchases.[1]

---

[1] See, ir.portfoliorecovery.com/annuals.cfm, p. 26, first full ¶, purchased face value of $70.8 billion for a total purchase price of $2.7 billion since its inception in 1996.

12. Defendant Dreano as an employee and/or agent of Defendant Portfolio Recovery is personally involved in the debt collection from Plaintiff by signing a sworn affidavit in support of a collection lawsuit filed on behalf of Defendant Portfolio Recovery, and may be held personally liable as a debt collector as she regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant Horton regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another by allegedly preparing, reviewing and/or prosecuting collection lawsuits against consumers in state court in Tennessee.

*May 21, 2012 Collection Lawsuit*

14. On or about May 21, 2012, Defendants filed a Civil Summons and sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). ***Copy of May 21, 2012 collection lawsuit filed as Exhibit 1 to this First Amended Complaint ("[Doc. 16-1]".***

15. The Civil Summons and sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

*Use of Civil Summons That Contained False, Deceptive and
Misleading Statements in Connection With Collection of the Alleged Debt*

16. The Civil Summons stated that Defendants Portfolio Recovery and Horton were seeking to collect: "**for suit on sworn account of [Plaintiff's] delinquent account in the amount of $5,917.60, plus prejudgment interest from time of assignment, court cost and post judgment interest**." **[Doc. 16-1, p. 1].** (underline and bold added)

17. Under Tennessee law, prejudgment interest is only allowed in the nature of damages, and may be awarded at the discretion of the judge or jury at a rate not in excess of ten percent (10%) per annum, to compensate a party for the loss of the use of its money. **See, Tenn. Code Ann. § 47-14-123;** *Wooten v. Black*, 2009 WL 4841066 (Tenn. Ct. App. 2009).

18. On information and believe, Defendant Portfolio Recovery paid less than $240.00 to purchase the debt allegedly owed by Plaintiff in the approximate amount of $6,000.00, so the maximum loss for which it could be compensated for under Tennessee law would be prejudgment interest in the amount of 10% from the date it allegedly purchased the debt, October 28, 2011, on approximately $240.00, not the entire amount of the alleged debt. **[Doc. 16-1, p. 3, ¶ 3].**

19. The demand in the Civil Summons for prejudgment interest on the amount of $5,917.60 from time of assignment was a threat by Defendants to take an action it could not legally take in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10), and the use by Defendants of an unfair or unconscionable means to attempt to collect interest not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1). **[Doc. 16-1, p. 1.]**

20. In the sworn Affidavit dated April 18, 2012, Defendant Dreano swore under oath that:

    (a) She was "authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of [Defendant Portfolio Recovery] and those account records transferred to [Defendant Portfolio Recovery] from [GE Capital], which have become a part of and have integrated into [Defendant Portfolio Recovery's] business records, in the ordinary course of business". **[Doc. 16-1, p. 3, ¶ 2].**

(b) "[A]ccording to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by [Defendant Portfolio Recovery], all of [GE Capital's] interest in such account having been sold, assigned and transferred by [GE Capital] on October 28, 2011." **[Doc. 16-1, p. 3, ¶ 3].**

(c) "According to the records transferred to [Defendant Portfolio Recovery] from [GE Capital], and maintained in the ordinary course of business by [Defendant Portfolio Recovery], there was due and payable from [Plaintiff] to [GE Capital] the sum of $5,917.60 . . . as of December 21, 2010 with there being no known un-credited payments, counterclaims or setoffs against the said debt as of the date of the sale." **[Doc. 16-1, p. 3, ¶ 4].**

(d) "[T]he records of [Defendant Portfolio Recovery], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, [Defendant Portfolio Recovery] claims the sum of $5,917.60 as due and owing as of the date of this affidavit [April 18, 2012]." **[Doc. 16-1, p. 3, ¶ 5].**

21. The sworn Affidavit signed by Defendant Dreano states that the only amount owed on that date [April 18, 2012] is $5,917.60, and makes no mention of any additional amounts due for interest on the debt. **[Doc. 16-1, p. 3, ¶¶ 4-5].**

22. By requesting different amounts in the Civil Summons and Sworn Affidavit, Defendants made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much is allegedly owed and resulted in Defendants making false representations (a) of the character, amount, or legal status of any debt, and

(b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

23. On information and belief, Defendants did not attempt to obtain evidence prior to filing the collection lawsuit that could be used to show in a court of law: (1) that Plaintiff had entered into a contract on which Defendants allegedly relied to file and serve the collection lawsuit, or (2) how the amount claimed as owed was calculated, resulting in Defendants making conflicting and confusing statements as to the amount owed in the Civil Summons and Sworn Affidavit, resulting in one or more of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

24. On information and belief, prior to filing and serving the Civil Summons and sworn Affidavit, Defendants did not review records of GE Capital to determine if the contract on which Defendants allegedly relied to file and serve the collection lawsuit even exists and, if it does exist, whether the amount Plaintiff allegedly owes is correctly calculated.

25. Without records of GE Capital available for review prior to filing and serving the collection lawsuit, and without being able to correctly calculate the amount allegedly

6

Case 2:12-cv-00467-HSM-WBC   Document 16   Filed 02/05/14   Page 6 of 14   PageID #: 127

owed by Plaintiff based on the contract terms on which the Defendants allegedly relied to file the collection lawsuit, Defendants Portfolio Recovery and Horton used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, which resulted in Defendants Portfolio Recovery and Horton falsely representing the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1), which is the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

26. By filing and serving the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on GE Capital or an assignee of GE Capital as to the amount of debt allegedly owed by Plaintiff or whether Plaintiff owes the debt at all, without personal knowledge of (a) whether a contract on which the Defendants allegedly relied to file the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if

the documents allegedly transferring the alleged debt to Defendant Portfolio Recovery's ownership actually exist, Defendants Portfolio Recovery and Horton communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

27. The collection lawsuit filed against and served on Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants possessed about the amount and ownership of the alleged debt.

28. Without the contract on which the Defendants allegedly relied to file the collection lawsuit and to demand the amounts owed, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

*Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

29. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. **See, Tenn. Code Ann. § 24-5-107(a).**

30. On information and belief, prior to signing the sworn Affidavit, Defendant Dreano did not review records of GE Capital to determine (a) whether a contract on which the Defendants allegedly relied to file and serve the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents allegedly transferring the alleged debt to Defendant Portfolio Recovery actually exist.

31. Without records of the debt originator available for Defendant Dreano to review prior to

signing the sworn Affidavit, and without Defendant Dreano being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Dreano to have the personal knowledge required to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff.

32. By affirming in the sworn Affidavit that (a) she is competent to testify to the matters contained herein, (b) she is authorized to make the statements, representations and averments herein, and does so based upon a review of the business records of Defendant Portfolio Recovery and those account records transferred to Defendant Portfolio Recovery from GE Capital, which have become a part of and have integrated into Defendant Portfolio Recovery's business records, in the ordinary course of business, (c) according to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by Defendant Portfolio Recovery, (d) according to the records transferred to Defendant Portfolio Recovery from GE Capital, and maintained in the ordinary course of business by Defendant Portfolio Recovery, there was due and payable from Plaintiff to GE Capital the sum of $5,917.60 as of October 28, 2011 with there being no known un-credited payments, counterclaims or setoffs against the said debt as of the date of the sale, and (e) the records of Defendant Portfolio Recovery, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Defendant Portfolio Recovery claims the sum of $5,917.60 as due and owing as of April 18, 2012, Defendant Dreano falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §

9

1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

33. Defendant Dreano's demands in the sworn Affidavit for amounts owed, without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

34. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing and serving the sworn Affidavit that contained the knowingly false, deceptive, and misleading statements, including the amount owed of $5,917.60, Defendant Portfolio Recovery and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### *Failure To Include § 1692e(11) Language in Subsequent Communications – Additional Documents*

35. The FDCPA states:

    "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

36. Each of the additional documents filed and served with the Civil Warrant and Sworn Affidavit (collectively "Additional Documents") is a "communication" as defined by 15 U.S.C. § 1692a(2). ***Copy of attachments to May 21, 2012 collection lawsuit filed as Exhibit 2 to this First Amended Complaint ("[Doc. 2]").***

37. Each of the Additional Documents is not a formal pleading made in connection with a legal action.

38. Each of the Additional Documents is a subsequent communication by Defendant Portfolio Recovery that was made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, and Defendant Portfolio Recovery failed to disclose in the Additional Documents that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

*Summary*

39. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

40. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Dreano and Horton as agents for Defendant Portfolio Recovery and who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

41. The acts and omissions by Defendants Dreano and Horton were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

42. By committing these acts and omissions against Plaintiff, Defendants Dreano and Horton were motivated to benefit their principal, Defendant Portfolio Recovery.

43. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNTS I – IX.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f and 1692f(1)

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

47. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNTS I-IX.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),**

**1692e(8), 1692e(10), 1692e(11), 1692f and 1692f(1)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

02/05/14                                    Respectfully submitted,

**LOUIS DICKERSON**

s/   Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
PO Box 1357
Talbott, TN 37877-1357
(423) 581-0924
alee@tndebtdefense.com


**CERTIFICATE OF SERVICE**

I hereby certify that this 5th day of February 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/   Alan C. Lee
Alan C. Lee, Esq., Attorney for Plaintiff